**Garland E. NEASE and Gladys Nease,**
**Appellants,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 23610.

United States Court of Appeals
Fifth Circuit.

June 14, 1966.

No formal appearance entered for appellants.

John C. Ciolino, Asst. U. S. Atty., New Orleans, La., for appellee.

Before BROWN and COLEMAN, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM.

August 12, 1965, the Grand Jury for the Eastern District of Louisiana returned a true bill of indictment against appellants, Garland E. Nease and Gladys Nease. This indictment was in three counts, the first of which charged them. with violation of 26 U.S.C. § 4704(a), relative to the purchase and possession of narcotic drugs. Count Two charged Garland E. Nease with violation of 15 U.S.C. § 902(e), the Federal Firearms Act, and Count Three charged Gladys Nease with violation of 18 U.S.C. § 111, Assault upon a Federal Officer.

After first having entered pleas of not guilty, March 16, 1966, Gladys Nease entered a plea of guilty to Count One, and Count Three was dismissed on motion of the Government; and March 17, 1966, Garland E. Nease pleaded guilty to Count One, whereupon Count Two was dismissed by the Government. Sentencing was deferred until March 30, 1966, pending a presentence investigation by the United States Probation Office. March 30, 1966, the District Court sentenced Garland E. Nease to the custody of the Attorney General for a period of five years; and a four-year sentence was imposed upon Gladys Nease. Throughout these proceedings appellants were represented by counsel of their own choosing.

April 6, 1966, appellants filed *pro se* notice of appeal from their conviction and sentences in the trial court, and May 16, 1966, the appeal was docketed in this Court.

There are no reviewable issues of law presented to this Court in this appeal

since appellants are simply seeking review of their conviction and sentences resulting from their pleas of guilty; and the Government has moved to dismiss the appeal as being frivolous. We find this to be correct and the appeal, therefore, is dismissed. Because of this ruling, it is unnecessary that we pass upon appellants' motion to reduce and/or fix their bail pending appeal.[1]

Appeal dismissed.

1. April 26, 1966, appellants filed in the District Court a motion to vacate their pleas of guilty and the sentences imposed, pursuant to 28 U.S.C. § 2255, alleging that their attorney, prior to their entering pleas of guilty as indicated, assured them that Gladys Nease would be given a suspended sentence and that Garland E. Nease would receive a three-year jail sentence; further alleging that they were advised by their attorney that he had conferred with the Assistant United States Attorney prosecuting the matter, who was alleged to have said he would recommend the sentences set forth and that the Court would follow such recommendations.

They further alleged in this motion that they would not have pleaded guilty "in the absence of the circumstances set forth hereinabove"; that they "did not intelligently and competently enter pleas of guilty, because they were not fully advised as to the nature of the charges against them and as to their rights with regard to them"; and that the District Court "did not determine that the pleas entered by petitioners herein were made voluntarily, with an understanding of the nature of the charges, before accepting the pleas and sentencing the petitioners in this case."

This motion was prepared and filed for them by counsel appointed by the District Court. An evidentiary hearing on the motion to vacate was held April 27, 1966, and the motion was then denied. No appeal has been taken from that action of the District Court; and the minute entry for that date states "Defendants Nease do not desire to pursue this action."